**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| BANK OF UTAH, as Trustee, *et al.*, <br><br> Plaintiffs, <br><br> AMAK TOWING COMPANY, INC., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> LADY GUDNY, Official No. 615085, her engines, machinery, appurtenances, etc., *in rem*, *et al.*, <br><br> Defendants. <br><br> KRISTJAN B. LAXFOSS, <br><br> Cross-Claimant, <br><br> v. <br><br> LADY GUDNY, Official No. 615085, *et al.*, <br><br> Cross-Defendants. | Case No. 3:20-cv-00040-SLG |

## ORDER RE MOTION FOR DEFAULT

Before the Court at Docket 52 is Cross-Claimant Kristjan B. Laxfoss' Motion for Order of Default as to Johnson and Lady Gudny LLC, or LG L.L.C. Cross-Defendant Steven Johnson responded in opposition at Docket 56. Mr. Laxfoss replied at Docket 57.

## DISCUSSION

Mr. Laxfoss requests that the Court enter an order of default against Mr. Johnson[1] for failure to answer or otherwise respond to Mr. Laxfoss' cross-claim within the 21 days afforded by Federal Rule of Civil Procedure 12(a)(1)(B).[2] Mr. Johnson responded that the answer was only filed a "few days late" (in fact, it was only one day late) and that he has meritorious defenses to certain charges alleged in Mr. Laxfoss' cross-claim.[3]

Pursuant to Civil Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and this failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, Rule 55(c) provides that the court may set aside an entry of default for "good cause." Three factors are considered when determining whether good cause exists justifying issuance of an order vacating the Clerk's entry of default; "a finding that any one of these factors is true is sufficient reason": (1) whether the party seeking to set aside the entry of default engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside the entry of default had no meritorious defense; or (3) whether reopening the entry of default would

---

[1] Any reference to Mr. Johnson includes his business entities, Lady Gudney, LLC and LG L.L.C.

[2] Docket 52 at 2 (Mot.).

[3] Docket 56 at 2 (Opp.).

Case No. 3:20-cv-00040-SLG, *Bank of Utah, et al.* v. *LADY GUDNY, et al.*
Order re Motion for Default
Page 2 of 4

Case 3:20-cv-00040-SLG   Document 62   Filed 03/05/21   Page 2 of 4

prejudice the other party.[4] "Crucially, . . . a case should, whenever possible, be decided on the merits.'"[5] A district court is accorded "especially broad [discretion] where, as here, it is entry of default that is being set aside, rather than a default judgment."[6]

Here, each of the factors weighs in favor of denying the motion for default.[7] First, Mr. Johnson's conduct is not culpable under the standard set by the Ninth Circuit Court of Appeals.[8] Mr. Johnson also responded in opposition to the motion for default the same day the motion for default was filed.[9] Second, Mr. Johnson asserts at least one meritorious defense to certain claims alleged in the cross-

---

[4] *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

[5] *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)).

[6] *Mendoza v. Wight Vineyard Mgmt.*, 783 F. 2d 941, 945 (9th Cir. 1986); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (citing *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994)).

[7] The Court recognizes that the Clerk of the Court has not yet entered a default pursuant to Rule 55(a). Nonetheless, the Court will apply the standard as if the Clerk had done so and Mr. Johnson moved to set aside the entry of default under Rule 55(c). *Cf. McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002) (treating filing of late answer as motion to vacate entry of default). *See, e.g.*, Mr. Johnson filed both an answer and a response in opposition to the motion for default on January 26, 2021. Docket 54 (Answer); Docket 56 (Opp.).

[8] Even though Mr. Johnson's provides little explanation for the late filing, there is no evidence that the one-day-late filing was intended to "take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process," or that Mr. Johnson "*intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2000) (emphasis in original) (citation omitted).

[9] Docket 52 (Mot.) and Docket 56 (Opp.). Both were filed on January 26, 2021.

Case No. 3:20-cv-00040-SLG, *Bank of Utah, et al.* v. *LADY GUDNY, et al.*
Order re Motion for Default
Page 3 of 4

Case 3:20-cv-00040-SLG   Document 62   Filed 03/05/21   Page 3 of 4

claim.[10]  Third, Mr. Laxfoss has neither claimed any prejudice stemming from nor could a one-day-late answer hinder his ability to pursue his claim.[11]  Accordingly, the Court will exercise its broad discretion and deny the motion for default.

## CONCLUSION

In light of the foregoing, the Motion for Order of Default as to Johnson and Lady Gudney LLC, or LG L.L.C. at Docket 52 is DENIED.  The answer filed at Docket 54 is accepted as if timely filed.

DATED this 5th day of March, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] Mr. Johnson denies Mr. Laxfoss' claim that he removed tackle from the Lady Gudny.  Docket 54, ¶ 16 (Answer).  The Court finds this fact-based defense sufficient.  *See Knoebber*, 244 F.3d at 700 ("A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy.") (citations omitted).

[11] *See generally* Docket 52 (Mot.) and Docket 57 (Reply); *see also Falk*, 739 F.2d at 463 ("The standard [for prejudice] is whether his ability to pursue his claim will be hindered.").

Case No. 3:20-cv-00040-SLG, *Bank of Utah*, *et al.* v. *LADY GUDNY*, *et al.*
Order re Motion for Default
Page 4 of 4

Case 3:20-cv-00040-SLG   Document 62   Filed 03/05/21   Page 4 of 4